J-S07036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELVIN KING | : | |
| | : | |
| Appellant | : | No. 866 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 14, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008683-2014

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED JUNE 26, 2023**

Appellant, Melvin King, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation.  We affirm.

The trial court opinion set forth the relevant facts and procedural history of this case as follows:

> In 2015, Appellant was found guilty by the [the trial court] of two violations of the Controlled Substance, Drug, Device, and Cosmetic Act [at No. 8683-2014].  Appellant was sentenced to twenty-one to forty-two months' confinement, with three years of probation to follow[, with credit for time served].  In 2018, [while serving the probationary portion of his sentence,] Appellant was charged [at No. 3697-2018] with three violations of the Uniform Firearms Act and two violations of the Crimes Code in relation to his involvement in a gunfight in Philadelphia.  Because [the original jurist] was no longer sitting in the Criminal Section of the Trial Division at that time, Appellant's matter was assigned to [a new jurist].  In 2019, Appellant proceeded to trial and was found guilty by a jury of one violation of the Uniform

Firearms Act….

After considering Appellant's presentence [investigation] report [("PSI")], Appellant's mental health report, submissions by the Commonwealth and Appellant, Appellant's prior record score, the sentencing guidelines, and the purposes of the sentencing code, [the court] sentenced Appellant to six to twelve years' confinement [at No. 3697-2018]. Based on this new conviction, [the c]ourt also found Appellant in direct violation of his probation and accordingly revoked Appellant's probation [at No. 8683-2014]. [The c]ourt then resentenced Appellant to two-and-a-half to five years' confinement, to be served concurrently with the sentence imposed for Appellant's new conviction.

(Trial Court Opinion, filed 11/2/21, at 1-2). Appellant did not file post-sentence motions at No. 8683-2014.

Appellant timely filed a notice of appeal from the revocation sentence at No. 8683-2014 on March 6, 2020. On March 10, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained on of appeal, and Appellant subsequently complied.

On appeal, Appellant raises the following issues for our review:

Whether the sentencing court abused its discretion by imposing a sentence after a probation violation that was not based upon the gravity of the violation, the extent of Appellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. Section 9721 of the Sentencing Code.

Whether the evidence was insufficient as a matter of law to make a determination that Appellant was in direct violation of the terms and conditions of his probation when the Commonwealth failed to establish the specific conditions of probation during the revocation hearing and the initial sentencing court did not advise Appellant of all the conditions of his probation at the initial sentencing hearing.

(Appellant's Brief at 7).

In his first issue, Appellant argues the court abused its discretion in imposing an unreasonable sentence following revocation. Appellant avers the court ignored mitigating factors from the Sentencing Code, such as his personal characteristics, the extent of his prior record, the gravity of the offense in relation to the community, and Appellant's rehabilitative needs. Appellant concludes this Court should vacate the judgment of sentence or remand for resentencing. As presented, Appellant's first claim challenges the discretionary aspects of sentencing. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Instantly, Appellant did not challenge the discretionary aspects of his sentence at the time of sentencing or in a post-sentence motion.[1] Therefore, Appellant's first issue is waived. ***See id.*** Moreover, even if Appellant had preserved a discretionary aspects challenge, it would not merit relief. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa.Super. 2014). A

---

[1] We note Appellant did file a post-sentence motion on February 18, 2020, wherein he challenged the weight of the evidence supporting his convictions at No. 3697-2018. The post-sentence motion did not include any challenge to the new revocation sentence imposed at No. 8683-2014, and the court denied the motion on February 25, 2020.

sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000).

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. *Commonwealth v. Crump*, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). If the sentencing court has the benefit of a PSI report, the law presumes the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005).

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Commonwealth v. Devers*, 519 Pa. 88, 102, 546 A.2d 12, 18 (1988).

Instantly, Appellant addressed the court at the revocation hearing. Appellant took responsibility for his possession of the firearm, and he explained that he "felt the need for protection in the type of neighborhood that I lived in." (*See* N.T. Revocation Hearing, 2/14/20, at 13). Despite Appellant's statement, the court revoked probation, imposed a new sentence, and emphasized:

> I have considered the [PSI report], the mental health report, the submissions by the Commonwealth and defense, prior record score report, sentencing guidelines, purposes of the sentencing code.
>
> [Appellant], there are several issues here. One is that basically you've been dealing drugs, it looks like consistently, since 1998 as an adult. Before that, as a juvenile since 1994. It's been like a business it looks like. In and out of juvenile facilities. As an adult, you have 19 arrests, 15 convictions, 20 commitments. In the county prison, state prison, violations, but it's all for drug dealing.
>
> \* \* \*
>
> I don't think you ever stopped drug dealing from what I can tell because the most recent arrest for drug dealing was January 20th of 2018 and that was when [another jurist] imposed a sentence of 9 to 23 months of incarceration. This incident then happened, it looks like, on April 29th of 2018, which I think was an incident that happened just five months after the January arrest. I don't know what's going on, but people tell me drugs is not a violent crime, it's a nonviolent crime. It's not. It leads to shootings. I don't know why people are shooting at you and you were shooting at people, but, considering everything else in this case, I don't think that the guidelines of 72 to 90 in terms of the—should be eight or nine years, but there is a major problem. You've been dealing drugs most of your life. I don't know what else

to say. A shooting on the street like this, I saw the video, as did the jury many times. I think you should get all the necessary medical treatment. That has nothing to do with where you're at in terms of—and I will send an email to the state prison people detailing the medical condition,[2] the medications you're taking and other things, and ma[k]e sure that they have that.

(**Id.** at 14-16). Thereafter, the court revoked probation and resentenced Appellant to two and one-half (2½) to five (5) years of imprisonment at No. 8683-2014.

In its Rule 1925(a) opinion, the court elaborated on the reasoning for Appellant's new sentence:

> [The] court followed the fundamental norms of the sentencing process and appropriately sentenced Appellant after revoking his probation. Prior to sentencing Appellant on both his firearm conviction and violation of probation in this case, [the] court reviewed Appellant's [PSI] report, his mental health evaluation, the Commonwealth's sentencing memorandum, submissions from Appellant's family, Appellant's prior record score, the sentencing guidelines form required by the Pennsylvania Commission on Sentencing, and finally, the stated purposes of the Sentencing Code. The record therefore reflects [the] court's careful consideration of the facts of Appellant's crime and character. [The] court expressed concerns about Appellant's extensive prior record, noting that Appellant had previously been arrested nineteen times, convicted fifteen times, violated probation or parole nineteen times, and committed to prison twenty times, including for violations of probation or parole.
>
> \* \* \*

---

[2] Earlier in the hearing, Appellant explained that he suffered from "non-ischemic cardiomyopathy," and he received a pacemaker for this condition. (N.T. Revocation Hearing at 13).

A sentence of total confinement was both appropriate and permissible, as his conviction in this case was punishable by total confinement, and Appellant had been convicted of another crime. Appellant's new sentence of total confinement was additionally far less than the maximum sentence that could have been imposed at the time of Appellant's probationary sentence. Appellant's [possession with the intent to deliver] conviction alone carried a maximum sentence of twenty years, a fact Appellant acknowledged when he signed the jury waiver colloquy form. Moreover, because the new sentence of total confinement was imposed concurrently, Appellant will be able to complete this sentence at the same time he serves the sentence ordered in his 2019 firearm conviction.

(Trial Court Opinion at 19-20) (some capitalization omitted).

Here, the record makes clear that the court adequately considered the general principles of sentencing, as well as the PSI report. The presence of a PSI report allows us to presume that the court was aware of Appellant's character and mitigating factors, and the court's discretion while using a PSI report should not be disturbed. *See Devers, supra*; *Tirado, supra*. Under these circumstances, we cannot fault the court for determining that Appellant's new arrest and conviction while on probation weighed in favor of the new sentence of incarceration. *See Colon, supra*.

In his second issue, Appellant asserts that the revocation court did not hear evidence on the probation violation and did not allow Appellant to defend against the violation. Appellant alleges "there is no evidence on the record to support and sustain the conviction for the violation and the resulting judgment of sentence." (Appellant's Brief at 15). Appellant concludes that this Court should vacate his judgment of sentence or remand for resentencing. We

disagree.

> The following principles apply to our review of a probation revocation:
>
>> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Colon, supra* at 1041 (internal citations and quotation marks omitted). "[A] court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order **or** has committed a new crime." *Commonwealth v. Foster*, 654 Pa. 266, 282, 214 A.3d 1240, 1250 (2019) (emphasis added). "Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." *Id.* at 284, 214 A.3d at 1251.

Instantly, while on probation for the offense at No. 8683-2014, Appellant committed a new offense. The Commonwealth charged Appellant with the new offense at No. 3697-2018, and a jury found him guilty of violating the Uniform Firearms Act. This conviction alone warranted the revocation of Appellant's probation. *See id.* Consequently, the record supports the court's determination that Appellant violated his probation based on his conviction for a new crime. *See Colon, supra*.

To the extent Appellant also claims that he did not have an opportunity to raise any defense, we note that the court conducted revocation proceedings immediately after imposing the sentence for Appellant's firearms conviction at No. 3697-2018. At that time, defense counsel reminded the court that it still needed to address the probation violation at No. 8683-2014. (*See* N.T. Revocation Hearing at 17). At that point, Appellant could have attempted to provide some type of defense, but he did not. Thus, the court imposed the new sentence at No. 8683-2014, and Appellant indicated that he understood the sentence imposed. (*Id.*) On this record, Appellant is not entitled to relief on his second claim. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023